UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Winthrop Resources Corporation,
a Minnesota corporation

Plaintiff,

v.

Diamond Home Services, Inc.,
a Delaware corporation,

Defendant.

Civ. File No. 00-622 (PAM/RLE)

**AMENDED**
**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff Winthrop Resources Corporation's Renewed Motion for Summary Judgment. The Court previously granted summary judgment to Plaintiff on all liability issues in the case, but reserved the issue of damages for later determination. The Court now determines that no factual disputes remain, and that Plaintiff is entitled to the judgment it seeks as a matter of law.

**BACKGROUND**

Plaintiff Winthrop Resources Corporation ("Winthrop") leased computer equipment and software to Defendant Diamond Home Services ("Diamond"). Diamond defaulted on its lease agreement with Winthrop, and Winthrop sued to recover under the default provisions of the agreement. Diamond did not contest liability, but claimed that factual

FILED APR 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 24 2001
DEPUTY CLERK

issues relating to the disposition of the leased equipment precluded the entry of summary judgment as to damages.

The Lease Agreement provides that in the event of Diamond's default, Winthrop is entitled to: (1) recover all accrued and unpaid rent; (2) recover all rents and other amounts as and when they become due; (3) accelerate and cause to become immediately due and payable all rents and other amounts due and/or likely to become due; (4) repossess the equipment and terminate the Lease; (5) cause to become immediately due and payable and to recover from Diamond the Casualty Loss Value[1] of the equipment; and/or (6) pursue any other remedy it may otherwise have at law, equity, or under any statute and recover damages and expenses incurred by reason of the default. (Gendler Aff. Ex. A ¶ 17.) Winthrop seeks to recover $1,783,728.25, which represents the Casualty Loss Value of the equipment leased to Diamond, plus late charges and taxes, and minus a credit to Diamond for the re-sale of the equipment. Winthrop also seeks its attorney's fees and costs pursuant to paragraph 18 of the Lease Agreement.

After several unsuccessful attempts to resolve the remaining disputes between the parties, the Court suggested that Winthrop renew its summary judgment motion as to damages. The parties fully briefed the issue, and agreed that the Court would consider the matter without oral argument.

---

[1] Casualty Loss Value is defined in paragraph 12 of the Lease Agreement. (Gendler Aff. Ex. A ¶ 12.)

## DISCUSSION

### A. Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quotation omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enterprise Bank, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik, 47 F.3d at 957.

### B. Merits

In its opposition to the renewed Motion, Diamond for the first time raises the defense that the Lease Agreement is in fact a security agreement governed by Article 9 of the Uniform Commercial Code ("UCC"). Diamond contends that the provisions of the Lease Agreement are unreasonable and unenforceable under Article 9. As noted above, however, Diamond has never contested its liability under the Lease Agreement, and has never raised any legal defense to payment under the default provisions of the Lease. Instead, Diamond has consistently represented to the Court that the only remaining disputes are whether Winthrop's disposition of the leased equipment was reasonable, and whether Diamond should be credited for the interim rent it paid and for its security deposits. Diamond's late attempt to inject a new legal issue into the dispute is not well taken.

Moreover, Diamond is simply incorrect in its argument that Article 9 applies. As Winthrop points out, under current Minnesota law the intent of the parties determines whether an agreement is a lease or a security agreement. Minn. Stat. § 336.1-201(37). Here, over the year-long course of this litigation, the parties have consistently referred to the agreement as a lease. There is no evidence that either party intended the agreement to be a security agreement. Therefore, the Lease Agreement is not a security agreement, and Article 9 does not apply.

The terms of the Lease Agreement are unambiguous: security deposits paid by Diamond are not recoverable in the event of default. (Gendler Aff. Ex. B.) Diamond's

argument that it should receive credit for its security deposits is without merit. Likewise, Diamond is not entitled to credit for the interim rent it paid. The Lease Agreement specifies that Diamond is entitled to credit only for rent payments made after the commencement date of the Lease. (Id. Ex. A ¶ 3.) Interim rent is, by definition, rent paid prior to the initial term. (See id. Ex. B ("The Monthly Lease Charge will be prorated and charged as interim rent between the date an item of equipment is accepted and the Commencement Date [of the Lease Agreement].").) Diamond's argument on this point is likewise without merit.

Similarly, Winthrop's disposition of the leased equipment was not contrary to the terms of the Lease Agreement. Winthrop had no obligation under the Lease Agreement to attempt to resell the equipment, and Diamond has offered nothing but innuendo and unsupported assertions for its claim that Winthrop's sale was not commercially reasonable.

Diamond is a sophisticated corporate entity. If Diamond did not wish to be bound by what it now contends are the unconscionable terms of the Lease Agreement, it should have negotiated those terms out of the Agreement. The Court will not "rewrite the contract in order to save [Diamond] from its own poor decision." LaSociete Generale Immobiliere v. Minneapolis Cmty. Dev., 44 F.3d 629, 637 (8th Cir. 1994).

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Renewed Motion for Summary Judgment (Clerk Doc. No. 39) is **GRANTED**;
2. Judgment is entered in the amount of $1,783,728.25, plus attorney's fees and costs;
3. Plaintiff shall submit a calculation of its attorney's fees and costs within ten (10) days of the date of this Amended Order; and
4. Plaintiff may immediately execute the judgment amount above.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 24, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: APR 24 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*